1 | **Kathleen P. March** (CA Bar No. 80366)
**THE BANKRUPTCY LAW FIRM, P.C.**
2 | **10524 W. Pico Boulevard, Suite 212**
**Los Angeles, CA 90064**
3 | **Phone (310) 559-9224**
**Fax (310) 559-9133**
4 | **E-mail: kmarch@BKYLAWFIRM.com**
Counsel to Plaintiff Creditor Cristina Nitopi, in
5 | herein adversary proceeding

6 | 

UNITED STATES BANKRUPTCY COURT

7 | CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

8 | In re:                                    ) Case No. 2:19-bk-24885-BB
                                          )
9 | KYUNJ SOO WONDJI BRUNY,                   ) Adv. Proc._____
AKA WONDGY K. BRUNY, AW                    )
10 | REAL SOVAGE, INC.                        ) (Chapter 7)
                                           )
11 |                                        )
                                          )
12 |              Debtor                   ) **COMPLAINT** OF CREDITOR
                                          )
13 | _____           ) **CRISTINA NITOPI, SEEKING**
                                          )
14 |                                        ) **JUDGMENT AGAINST DEBTOR**
                                          )
15 | CRISTINA NITOPI                        ) **KYUNJ SOO WONDJI BRUNY, AKA**
                                          )
16 |                                        ) **WONDGY K. BRUNY, AW REAL**
              Plaintiff                    )
17 |                                        ) **SOVAGE, INC., HOLDING**
                                          )
18 |              v.                        ) **"NONDISCHARGEABLE", PER EACH**
                                          )
19 | KYUNJ SOO WONDJI BRUNY,               ) **OF 11 USC §523(a)(2), (4) AND (6), THE**
AKA WONDGY K. BRUNY, AW                    )
20 | REAL SOVAGE, INC.                     ) **10/10/17 FINAL SUPERIOR COURT**
                                          )
21 |                                        ) **JUDGMENT IN FAVOR OF NITOPI,**
                                          )
22 |         Debtor-Defendant              ) **AGAINST BRUNY AND REAL**
                                          )
23 |                                        ) **SOVAGE, INC., AWARDED ON**
                                          )
24 |                                        ) **NITOPI'S CALIFORNIA SUPERIOR**
                                          )
25 | _____           ) **COURT COMPLAINT SC126659**

26 |

27 | Plaintiff creditor CRISTINA NITOPI ("Nitopi" or "Plaintiff" hereafter),

28 |

---

1  makes her herein Adversary Proceeding COMPLAINT against Debtor-Defendant

2  KYUNJ SOO WONDJI BRUNY, AKA WONDGY K. BRUNY, AW REAL

3  SOVAGE, INC. ("Bruny" or "Debtor"), seeking Judgment against Bruny, holding

4  "**nondischargeable**" (ie, not discharged by any bankruptcy discharge that Bruny

5  might receive), per each of 11 USC §523(a)(2), (4), and (6), the final October 10,

6  2017  **Superior Court Judgment** in favor of Nitopi, against Bruny in California

7  Superior Court case SC126659, awarding Nitopi 1 million dollars against Bruny and

8  Bruny's corporation Real Sovage, Inc.

9    1.    As detailed in Causes of Action 1, 2 and 3 infra, the 10/10/17 Superior Court

10  Judgment makes **express findings** that Bruny committed fraud, and intentional

11  misrepresentation, on Nitopi; that Bruny embezzled $500,000 from Nitopi;  and that

12  Bruny knowingly, intentionally and maliciously made false statements to Nitopi to

13  cause Nitopi to send Bruny's corporation, Real Sovage, Inc., the $500,000 that

14  Bruny and Real Sovage, Inc. embezzled from Nitopi.

15    2.  The 10/10/17 Judgment is granted to Nitopi, against Bruny in California

16  Superior Court case orders Bruny to repay to Nitopi the $500,000 that Bruny

17  embezzled from Nitopi, and in addition orders Bruny to pay $500,000 in punitive

18  damages to Nitopi, for a total Judgment of $1,000,000 (one million dollars), of

19  which $500,000 is actual damages and $500,000 is punitive damages.

20    3.  A true and correct copy of the Superior Court Judgment is attached as **Exhibit

21  A** to this Adversary proceeding Complaint.

22    4.  A true and correct copy of Nitopi's Superior Court Complaint, upon which

23  Judgment was granted, is **Exhibit B** to this Adversary proceeding Complaint.

24    5.  A true and correct copy of the Superior Court docket is **Exhibit C** to this

25  Adversary proceeding Complaint.

26                    **JURISDICTION AND VENUE**

27    6.  Bruny filed his individual Chapter 7 bankruptcy case no. 2:19-bk-24885-BB,

28  on 12/20/19, in Bankruptcy Court, CD CA, Los Angeles Division.

**COMPLAINT OF CREDITOR CRISTINA NITOPI,  SEEKING JUDGMENT AGAINST DEBTOR KYUNJ
SOO WONDJI BRUNY, AKA WONDGY K. BRUNY, AW REAL SOVAGE, INC., HOLDING
"NONDISCHARGEABLE", PER EACH OF 11 USC §523(a)(2), (4) AND (6), THE 10/10/17 FINAL
SUPERIOR COURT JUDGMENT IN FAVOR OF NITOPI, AGAINST BRUNY AND AGAINST REAL
SOVAGE, INC., AWARDED ON NITOPI'S CALIFORNIA SUPERIOR COURT COMPLAINT SC126659** - 2 -

7.  Bruny filed his individual bankruptcy case after Nitopi had commenced judgment enforcement on her million dollar judgment, **Exhibit A** hereto.

8.  This Court has jurisdiction over this adversary proceeding pursuant to 28 USC §157(b)(2) and §1334.

9.  This is a core proceeding, pursuant to 28 USC §157(b)(2)(I).

10.  Plaintiff Nitopi consents to Bankruptcy Court entering a final Judgment in Nitopi's herein "nondischargeability" adversary proceeding, in case such consent is necessary.

11.  Venue is proper before this Court pursuant to 28 USC §1409, because debtor defendant Bruny's individual bankruptcy case no. 2:19-bk-24885-BB is filed in, and ongoing in, Bankruptcy Court for the Central District of California, Los Angeles Division.

12.  This Adversary Proceeding Complaint for Nondischargeability is being timely filed, within the deadline for filing same, which is  60 days after the 3/17/20 date first set for Bruny's 341a meeting in Bruny's Chapter 7 case 2:19-bk-24885-BB.

## PARTIES

13.  Plaintiff Nitopi is an individual who at all times relevant has been a resident of the Country of Australia.

14.  Defendant Bruny is an individual who is the debtor in voluntary chapter 7 bankruptcy case no.2:19-bk-24885-BB, which bankruptcy case is filed in, and ongoing in, Bankruptcy Court, CD CA, Los Angeles Division.

15.  According to Debtor Bruny's bankruptcy petition, Debtor resides in the City of Los Angeles, which is in Los Angeles County, California.

16.  Bruny listed Nitopi's Judgment in Bruny's bankruptcy *Statement of Financial Affairs*, by Superior Court case number and name,  so he is aware of it.

---

**COMPLAINT OF CREDITOR CRISTINA NITOPI,  SEEKING JUDGMENT AGAINST DEBTOR KYUNJ SOO WONDJI BRUNY, AKA WONDGY K. BRUNY, AW REAL SOVAGE, INC., HOLDING "NONDISCHARGEABLE", PER EACH OF 11 USC §523(a)(2), (4) AND (6), THE 10/10/17 FINAL SUPERIOR COURT JUDGMENT IN FAVOR OF NITOPI, AGAINST BRUNY AND AGAINST REAL SOVAGE, INC., AWARDED ON NITOPI'S CALIFORNIA SUPERIOR COURT COMPLAINT SC126659** - 3 -

1

2    **Cause of Action 1:** <u>**SEEKING NONDISCHARGEABILITY, PER 11 USC**</u>

3    <u>**§523(a)(2), OF NITOPI'S JUDGMENT AGAINST DEBTOR BRUNY,**</u>

4    <u>**FOR BRUNY'S <u>FRAUD</u> ON NITOPI, AND FOR BRUNY'S**</u>

5    <u>**INTENTIONAL MISREPRESENTATIONS,**</u> **TO NITOPI**

6    17.  Bruny was duly served with Nitopi's California Superior Court Complaint

7    (**Exhibit B** hereto), and Summons, by Nitopi's counsel of record in Nitopi's

8    Superior Court suit, as  shown by the Superior Court docket, **Exhibit C** hereto.

9    18.  The Superior Court Judgment, at paragraph 1, finds that both defendants

10   Bruny and Real Sovage, Inc., a Delaware corporation, were properly served with the

11   Superior Court Summons and Complaint, and that they both defaulted in responding

12   to Nitopi's Superior Court Summons and Complaint.

13   19.  The Judgment, Exhibit A hereto, at p.2, paragraph 2 of Judgment, that:

14

15       "2.     The Court finds that at all relevant times, a unity of ownership and
                 interest existed between Wondgy Bruny, aka Won-G Bruny, an
16               individual and Real Sovage, Inc. such that any individuality and
                 separateness between them has ceased to exist, and they are each alter
17               egos of the other."

18   20.  The Judgment, p.2, paragraph 3 of Judgment additionally finds:

19

20       "3.     The Court finds that Wongy Bruny, aka Wong-G Bruny completely
                 controlled, dominated, managed and operated Real Sovage, Inc. and
21               commingled assets to suit his convenience. Real Sovage, Inc. was a
                 mere shell, instrumentality, and conduit through which Wondgy Bruny
22               aka Won-G Bruny carried on his business in a corporate name,
                 exercising complete control and dominance of the businesses to such an
23               extent that any individuality or separateness of Wondgy Bruny, aka
                 Won-G Bruny and Real Sovage, Inc., never existed.
24
25   21.  The Superior Court docket, **Exhibit C** hereto, also shows that Bruny and

26   Real Sovage, Inc. each defaulted on responding to Nitopi's Summons and Complaint

27   served on each of them in the Superior Court suit.

28   22.  Nitopi, by her Superior Court counsel of record, applied for entry of default

**COMPLAINT** OF CREDITOR CRISTINA NITOPI,  SEEKING JUDGMENT AGAINST DEBTOR KYUNJ
SOO WONDJI BRUNY, AKA WONDGY K. BRUNY, AW REAL SOVAGE, INC., HOLDING
"**NONDISCHARGEABLE**", PER EACH OF 11 USC §523(a)(2), (4) AND (6), THE 10/10/17 FINAL
SUPERIOR COURT JUDGMENT IN FAVOR OF NITOPI, AGAINST BRUNY AND AGAINST REAL
SOVAGE, INC., AWARDED ON NITOPI'S CALIFORNIA SUPERIOR COURT COMPLAINT SC126659 - 4 -

1  against Bruny, and additionally applied for entry of default against Real Sovage,

2  Inc., which corporation had also defaulted in answering Nitopi's Complaint, after

3  being duly served with the Complaint and Summons.  This is shown on the Superior

4  Court docket, **Exhibit C** hereto.

5     23.  After the Superior Court entered the defaults against Bruny, and against Real

6  Sovage, Inc., Nitopi, by her Superior Court counsel of record, moved for default

7  judgment against Bruny, and against Real Sovage, Inc.  This to is shown on the

8  Superior Court docket, **Exhibit C** hereto.

9     24.  Before the Superior Court awarded Judgment to Nitopi--including award of

10  both actual and punitive damages--against Bruny and against Real Sovage, Inc.,

11  Nitopi testified under oath in the Superior Court suit (stated at page 1 of Judgment,

12  line 28).

13     25.  In addition, the Superior Court "reviewed and admitted into evidence

14  Plaintiff's Exhibits Nos. 1, 2, 3, 4 and 6 and other supporting documents" (stated at

15  p. 2 of Superior court Judgment lines 1-2).  Additionally, the Superior Court

16  received into evidence Nitopi's Requests for Judicial Notice, that supplied evidence

17  proving Nitopi was entitled to award of punitive damages, in addition to being

18  entitled to Judgment in Nitopi's favor ordering Bruny to repay to Nitopi the

19  $500,000 that Bruny had taken from Nitopi by Bruny's fraud, intentional

20  misrepresentations,  embezzlement, and willful and malicious wrongful acts.

21     26.  On 10/10/17,  the Superior Court entered a Judgment (**Exhibit A** hereto) in

22  favor of Nitopi, against Bruny and against Real Sovage, Inc.,

23     27.  P.2 paragraph 4, through p.3 paragraph 14,  of that Superior Court Judgment,

24  **Exhibit A** hereto, expressly finds that Bruny committed fraud on Nitopi, made

25  intentially false statements to Nitopi, embezzled $500,000 from Nitopi, and:

26

27        "4.    The Court finds that Wongdy Bruny, aka Won-G Bruny is liable to
           Plaintiff both for **knowingly and willfully participating in and**

28

**COMPLAINT** OF CREDITOR CRISTINA NITOPI,  SEEKING JUDGMENT AGAINST DEBTOR KYUNJ
SOO WONDJI BRUNY, AKA WONDGY K. BRUNY, AW REAL SOVAGE, INC., HOLDING
"**NONDISCHARGEABLE**", PER EACH OF 11 USC §523(a)(2), (4) AND (6), THE 10/10/17 FINAL
SUPERIOR COURT JUDGMENT IN FAVOR OF NITOPI, AGAINST BRUNY AND AGAINST REAL
SOVAGE, INC., AWARDED ON NITOPI'S CALIFORNIA SUPERIOR COURT COMPLAINT SC126659- 5 -

**directing the wrongful acts and omissions alleged by Plaintiff**.

5.   The Court finds that Wondgy Bruny, aka Won-G Bruny is the alter ego of Real Sovage, Inc. and vice versa.

6.   The Court finds that Defendant Wondgy Bruny, aka Won-G Bruny met Plaintiff in October 2015 at LA Fashion Week and attempted to lure her into a romantic relationship, which she successful resisted.

7.   The Court finds that Defendant Wondgy Bruny, aka Won-G Bruny represented himself as a successful businessman, entrepreneur, fashion designer, rapper, pioneer of independent music, Hollywood celebrity, and last but not least philanthropist.

8.   The Court finds that Defendants Wondgy Bruny, aka Won-G Bruny and Real Sovage, Inc., **made false statements and promises to Plaintiff knowing them to be false with the intent to defraud Plaintiff**.

9.   The Court finds that Defendants Wondgy Bruny, aka Won-G Bruny and Real Sovage, Inc. **knowingly, intentionally, and maliciously made false statements** , namely that they would produce and release a music album and nationwide music tour, thus causing Plaintiff to invest and wire $500,000 US Dollars to a bank account belonging to real Sovage, Inc., in January 25, 2016.

10.  The Court finds that Defendants Wondgy Bruny, aka Won-G Bruny and Real Sovage, Inc. **committed the above described fraud** knowing that such album would never be produced, and did so in order to perpetuate Defendant Wondgy Bruny aka Won-G Bruny's luxury lifestyle.

11.  The Court finds that Defendants Wondgy Bruny, aka Won-G Bruny and Real Sovage, Inc. **never intended to return Plaintiff's "investment**."

12.  The Court finds that Defendants Wondgy Bruny, aka Won-G Bruny and Real Sovage, Inc. **misled, lied to, and cheated** Plaintiff about Defendants' true intentions which were to **embezzle** the funds.

13.  The Court finds that Plaintiff Cristina Nitopi was **fraudulently misled to wire $500,000.00 US Dollars to Defendants Wondgy Bruny**, aka Won-G Bruny and Real Sovage, Inc. on January 25, 2016.

14.  The Court finds for Plaintiff Cristina Nitopi on all of the alleged causes of action:.."

28.   Per California state law, California Judgments earn interest postpetition, at 10% per year (see CCP §685.010(a)).  Interest on the one million dollar Judgment (Exhibit A hereto) has accrued from 10/10/17 (date awarded) to 12/20/19 (date Bruny filed his herein bankruptcy).  The interest owed to Nitopi, by Bruny, on Nitopi's million dollar judgment, for that period is $219,231.

29.   The Judgment (**Exhibit A**) will continue to earn post-Judgment interest, per

1   California state law, at 10% per annum, until Judgment is paid in full.

2      30.  The Superior Court docket, **Exhibit C** hereto, shows that neither Bruny, nor

3   Bruny's corporation Real Sovage, Inc., appealed the Superior Court Judgment,

4   **Exhibit A** hereto in favor of Nitopi and against Bruny and Real Sovage, Inc.

5      31.  The time to appeal expired no later than 180 days after the Judgment was

6   filed, per CA state law (CRC Rule 8.104).

7      32.  The Superior Court Judgment (**Exhibit A** hereto) is final,  no longer subject

8   to appeal or attack in the California state court system, due to there being no appeals

9   of that Judgment, before the time to appeal, set by California state law, expired.

10     33.  Now final, the Superior Court Judgment, **Exhibit A** hereto, is entitled to be

11  given full faith and credit by this Hon. Bankruptcy Court, which is not allowed to

12  relitigate, or change, that final Superior Court Judgment.

13     34.  Nitopi is entitled to entry of a nondischargeability judgment, in the herein

14  Adversary Proceeding, pursuant to 11 USC §523(a)(2) (fraud, intentional

15  misstatements) and will move for summary judgment of nondischargeability in

16  Nitopi's favor, against Bruny.  See Grogan v Garner, 498 US 279, 111 S.Ct. 654

17  (1991).

18

19     **Cause of Action  2:   NONDISCHARGEABILITY, PER 11 USC**

20     **§523(a)(4), OF NITOPI'S JUDGMENT AGAINST DEBTOR BRUNY,**

21     **FOR BRUNY'S EMBEZZLEMENT OF $500,000 FROM NITOPI**

22     35.  Nitopi incorporates by reference each of Paragraphs 1-34 of this Complaint,

23  as if set forth in full.

24     36.  Per 11 USC §523(a)(4), debts for "(4) fraud or defalcation while acting in a

25  fiduciary capacity, **embezzlement** or larceny" are nondischargeable, if a timely

26  "nondischargeability" adversary proceeding (as here) is brought against the Debtor

27  (here Bruny), by Creditor-Plaintiff (here Nitopi), and won by Creditor.

28

**COMPLAINT** OF CREDITOR CRISTINA NITOPI,  SEEKING JUDGMENT AGAINST DEBTOR KYUNJ
SOO WONDJI BRUNY, AKA WONDGY K. BRUNY, AW REAL SOVAGE, INC., HOLDING
**"NONDISCHARGEABLE"**, PER EACH OF 11 USC §523(a)(2), (4) AND (6), THE 10/10/17 FINAL
SUPERIOR COURT JUDGMENT IN FAVOR OF NITOPI, AGAINST BRUNY AND AGAINST REAL
SOVAGE, INC., AWARDED ON NITOPI'S CALIFORNIA SUPERIOR COURT COMPLAINT SC126659 - 7 –

1    37. As quoted supra, the Superior Court Judgment (Exhibit A) against Bruny

2    expressly finds, at paragraphs 23 and 13, as follows:

3

4        "12.    The Court finds that Defendants Wondgy Bruny, aka Won-G Bruny and
                 Real Sovage, Inc. **misled, lied to, and cheated** Plaintiff about
5                Defendants' true intentions which were to **embezzle** the funds."

6    38.  The Superior Court docket, **Exhibit C** hereto, shows that neither Bruny, nor

7    Bruny's corporation Real Sovage, Inc., appealed the Superior Court Judgment,

8    **Exhibit A** hereto in favor of Nitopi and against Bruny and Real Sovage, Inc.

9    39.  The time to appeal expired no later than 180 days after the Judgment was

10   filed, per CA state law (CRC Rule 8.104).

11   40.  The Superior Court Judgment (**Exhibit A** hereto) is final,  no longer subject

12   to appeal or attack in the California state court system, due to there being no appeals

13   of that Judgment, before the time to appeal, set by California state law, expired.,

14   41.  Now final, the Superior Court Judgment, **Exhibit A** hereto, is entitled to be

15   given full faith and credit by this Hon. Bankruptcy Court, which is not allowed to

16   relitigate, or change, that final Superior Court Judgment.

17   42.  Because paragraph 12 of the final Superior Court Judgment **Exhibit A**

18   hereto, in favor of Nitopi, against Bruny, expressly adjudicates that Bruny

19   **embezzled** $500,000 from Nitopi, Nitopi is entitled to a Judgment of this Hon.

20   Bankruptcy Court, holding the Judgment, Exhibit A, to be **nondischargeable**, per 11

21   USC §523(a)(4), for **embezzlemen**t by Bruny.

22

23   **Cause of Action 3:  NONDISCHARGEABILITY PER 11 USC §523(a)(6),**

24   **OF SUPERIOR COURT JUDGMENT IN FAVOR OF NITOPI,**

25   **AGAINST BRUNY, FOR BRUNY'S WILFUL AND MALICIOUS**

26   **INJURY TO NITOPI**

27   43.  Nitopi incorporates by reference each of Paragraphs 1-42 of this Complaint,

28

**COMPLAINT** OF CREDITOR CRISTINA NITOPI,  SEEKING JUDGMENT AGAINST DEBTOR KYUNJ
SOO WONDJI BRUNY, AKA WONDGY K. BRUNY, AW REAL SOVAGE, INC., HOLDING
"**NONDISCHARGEABLE**", PER EACH OF 11 USC §523(a)(2), (4) AND (6), THE 10/10/17 FINAL
SUPERIOR COURT JUDGMENT IN FAVOR OF NITOPI, AGAINST BRUNY AND AGAINST REAL
SOVAGE, INC., AWARDED ON NITOPI'S CALIFORNIA SUPERIOR COURT COMPLAINT SC126659- 8 -

1    as if set forth in full.

2    44.  Per 11 USC §523(a)(6), debts for "(6) **wilful and malicious injury** by the

3    debtor to another entity or to the property of another entity" are nondischargeable, if

4    a timely "nondischargeability" adversary proceeding (as here) is brought against the

5    Debtor (here Bruny), by Creditor-Plaintiff (here Nitopi), and is won by Creditor

6    Nitopi.

7    45.  As quoted supra, the 10/10/17 Superior Court Judgment expressly states, at

8    Paragraph 9 of Judgment:

9

10    "9.  The Court finds that Defendants Wondgy Bruny, aka Won-G Bruny and
      Real Sovage, Inc., **knowingly, intentionally, and maliciously** made false
11    statements, namely that they would produce and release a music album and
      nationwide music tour, thus causing plaintiff to invest and wire $500,000.00
12    US Dollars to a bank account belonging to Real Sovage, Inc., in January 25,
      2016."
13

14    46.  Therefore, the 10/10/17 Superior Court Judgment (**Exhibit A** hereto), is

15    nondischargeable per 11 USC  §523(a)(6) (nondischargeability of Superior Court

16    Judgment against debtor Bruny, for Bruny having committed a **wilful and malicious**

17    **injury** to Nitopi).

18    ### **PRAYER**

19

20    WHEREFORE, Adversary Proceeding Plaintiff Nitopi  prays for relief against

21    debtor-defendant Bruny,  as follows, on the First, Second and Third Causes of

22    Action of Complaint supra:

23    1.  **On Complaint's First Cause of Action**: Nitopi prays that  this Hon.

24    Bankruptcy Court enter its Judgment, in the herein adversary proceeding, adjudging

25    to be **nondischargeable** (ie not discharged by any discharge that Bruny may receive

26    in any bankruptcy case, present or future)**,** against debtor Bruny, pursuant to **11 USC**

27    **§523(a)(2)**–**for fraud and intentional false statements by Bruny, damaging**

28

**COMPLAINT OF CREDITOR CRISTINA NITOPI,  SEEKING JUDGMENT AGAINST DEBTOR KYUNJ
SOO WONDJI BRUNY, AKA WONDGY K. BRUNY, AW REAL SOVAGE, INC., HOLDING
"NONDISCHARGEABLE", PER EACH OF 11 USC §523(a)(2), (4) AND (6), THE 10/10/17 FINAL
SUPERIOR COURT JUDGMENT IN FAVOR OF NITOPI, AGAINST BRUNY AND AGAINST REAL
SOVAGE, INC., AWARDED ON NITOPI'S CALIFORNIA SUPERIOR COURT COMPLAINT SC126659** - 9 -

**Nitopi**--the final 10/10/17 California Superior Court Judgment, **Exhibit A** hereto, issued in California Superior Court case SC126659, in favor of Nitopi, against Bruny.

2. **On Complaint's Second Cause of Action**: Nitopi prays that  this Hon. Bankruptcy Court enter its Judgment, in the herein adversary proceeding, adjudging to be **nondischargeable** (ie not discharged by any discharge that Bruny may receive in any bankruptcy case, present or future)**,** against debtor Bruny, pursuant to **11 USC §523(a)(4)–for embezzlement by Bruny from Nitopi**--the final 10/10/17 California Superior Court Judgment, **Exhibit A** hereto,  issued in California Superior Court case SC126659, in favor of Nitopi, against Bruny.

3. **On Complaint's Third Cause of Action**: Nitopi prays that this Hon. Bankruptcy Court enter its Judgment, in the herein adversary proceeding, adjudging to be **nondischargeable** (ie not discharged by any discharge that Bruny may receive in any bankruptcy case, present or future)**,** against debtor Bruny, pursuant to **11 USC §523(a)(6)–wilful and malicious injury to Nitopi by Bruny**--the final 10/10/17 California Superior Court Judgment, **Exhibit A** hereto,  issued in California Superior Court case SC126659, in favor of Nitopi, against Bruny.

3. **On Complaint's First, Second and Third Causes of Action**: That post-Judgment, **interest** at 10% per year, that accrues on said Superior Court Judgment, until Judgment is paid in full,  also be adjudged to be nondischargeable, pursuant to each of 11 USC §523(a)(2), (4), and (6);

4. **On Complaint's First, Second and Third Causes of Action**: That this Hon. Bankruptcy Court award Nitopi her attorneys fees and costs expended bringing the herein nondischargeability adversary proceeding, because attorneys fees and costs are awardable as part of the damages caused by Bruny's fraud, intentional misstatements, embezzlement, and willful and malicious injury to Nitopi, each of which the Superior Court Judgment adjudicated Bruny to have committed against

**COMPLAINT OF CREDITOR CRISTINA NITOPI,  SEEKING JUDGMENT AGAINST DEBTOR KYUNJ SOO WONDJI BRUNY, AKA WONDGY K. BRUNY, AW REAL SOVAGE, INC., HOLDING "NONDISCHARGEABLE", PER EACH OF 11 USC §523(a)(2), (4) AND (6), THE 10/10/17 FINAL SUPERIOR COURT JUDGMENT IN FAVOR OF NITOPI, AGAINST BRUNY AND AGAINST REAL SOVAGE, INC., AWARDED ON NITOPI'S CALIFORNIA SUPERIOR COURT COMPLAINT SC126659** 10 -

1  Nitopi; and

2      5. **On Complaint's First, Second and Third Causes of Action**:  For such

3  additional relief as is just and proper pursuant to applicable law.

4  Dated: March 18, 2020          THE BANKRUPTCY LAW FIRM, PC
                                    /s/ Kathleen P. March
5                                  By Kathleen P. March, Esq., counsel
                                    for Plaintiff-Creditor Cristina Nitopi in the herein
6                                  Adversary Proceeding

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



**The Mirkhan Law Firm, APC**
Mehrshad Mirkhan, Attorney at Law, State Bar No. 201772
E-mail: mirkhan@mirkhanlaw.com
Deian Kazachki, Attorney at Law, State Bar No. 262754
E-mail: kazachki@mirkhanlaw.com
1801 Century Park East, Suite 2400 Los Angeles, CA 90067
Tel: (310) 984-6999
Fax: (888) 410-1390
Web: www.mirkhanlaw.com

Attorneys for Plaintiff Cristina Nitopi



CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

OCT 1 0 2017

Sherri R. Carter, Executive Officer/Clerk
By Nancy Lee, Deputy

## SUPERIOR COURT OF CALIFORNIA

## WEST JUDICIAL DISTRICT

| | |
|---|---|
| CRISTINA NITOPI, an individual, | Case No. SC126659 |
| Plaintiff, | *Assigned for all purposes to the Hon. Lisa Hart Cole* |
| v. | [PROPOSED] COURT JUDGMENT |
| WONDGY BRUNY, an individual; aka WON-G BRUNY and REAL SOVAGE, INC., a Delaware Corporation; | Complaint Filed:     November 4, 2016 |
| Defendants. | Dept.     "O" |
| | Prove Up Hearing:     September 25, 2017 |
| | Hon. Lisa Hart Cole Presiding |

BY FAX

On September 25, 2017 the Court conducted a prove-up hearing in Department O of the Superior Court of California, West Judicial District, Santa Monica Courthouse, the Hon. Lisa Hart Cole Presiding. The Court took judicial notice of two previous civil lawsuits and corresponding judgments, namely: (a) Default Judgment entered on July 10, 2015 against Defendants Wondgy Bruny, Real Sovage LLC and Real Sovage, Inc. in Stephanie Arifin vs. Wondgy Bruny et al., Case Number BC537626, and (b) Default Judgment entered on September 19, 2016 against Defendants Real Sovage, Inc. and Sovage, LLC in Sherina Halima Raza vs Real Sovage, Inc. et al, Case Number SC124589.

The Court having heard testimony under oath from Plaintiff Cristina Nitopi and having

1

**COURT JUDGMENT**

**Exhibit A**

reviewed and admitted into evidence Plaintiff's exhibits nos. 1, 2, 3, 4 and 6 and other supporting documents finds, adjudges and orders as follows:

1.    The Court finds that both defendants, namely: (a) Wondgy Bruny, aka Won-G Bruny, an individual and (b) Real Sovage, Inc., a Delaware corporation were properly served with the summons and complaint in this matter and have defaulted.

2.    The Court finds that at all relevant times, a unity of ownership and interest existed between Wondgy Bruny, aka Won-G Bruny, an individual and Real Sovage, Inc., such that any individuality and separateness between them has ceased to exist, and they are each alter egos of the other.

3.    The Court finds that Wondgy Bruny, aka Won-G Bruny completely controlled, dominated, managed and operated Real Sovage, Inc. and commingled assets to suit his convenience. Real Sovage, Inc. was a mere shell, instrumentality, and conduit through which Wondgy Bruny, aka Won-G Bruny carried on his business in a corporate name, exercising complete control and dominance of the businesses to such an extent that any individuality or separateness of Wondgy Bruny, aka Won-G Bruny and Real Sovage, Inc., never existed.

4.    The Court finds that Wondgy Bruny, aka Won-G Bruny is liable to Plaintiff both for knowingly and willfully participating in and directing the wrongful acts and omissions alleged by Plaintiff.

5.    The Court finds that Wondgy Bruny, aka Won-G Bruny is the alter ego of Real Sovage, Inc. and vice versa.

6.    The Court finds that Defendant Wondgy Bruny, aka Won-G Bruny met Plaintiff in October 2015 at LA Fashion Week and attempted to lure her into a romantic relationship, which she successfully resisted.

7.    The Court finds that Defendant Wondgy Bruny, aka Won-G Bruny represented himself as a successful businessman, entrepreneur, fashion designer, rapper, pioneer of independent music, Hollywood celebrity, and last but not least philanthropist.

8.    The Court finds that Defendants Wondgy Bruny, aka Won-G Bruny and Real Sovage, Inc. made false statements and promises to Plaintiff knowing them to be false with the intent to defraud Plaintiff.

9.    The Court finds that Defendants Wondgy Bruny, aka Won-G Bruny and Real Sovage, Inc. knowingly, intentionally, and maliciously made false statements, namely that they would produce and release a music album and nationwide music tour, thus causing Plaintiff to invest and wire $500,000.00 US Dollars to a bank account belonging to Real Sovage, Inc., in January 25, 2016.

10.   The Court finds that Defendants Wondgy Bruny, aka Won-G Bruny and Real Sovage, Inc. committed the above described fraud knowing that such album would never be produced, and did so in order to perpetuate Defendant Wondgy Bruny aka Won-G Bruny's luxury lifestyle.

11.   The Court finds that Defendants Wondgy Bruny, aka Won-G Bruny and Real Sovage, Inc. never intended to return Plaintiff's "investment."

12.   The Court finds that Defendants Wondgy Bruny, aka Won-G Bruny and Real Sovage, Inc. misled, lied to, and cheated Plaintiff about Defendants' true intentions which were to embezzle the funds.

13.   The Court finds that Plaintiff Cristina Nitopi was fraudulently misled to wire $500,000.00 US Dollars to Defendants Wondgy Bruny, aka Won-G Bruny and Real Sovage, Inc. on January 25, 2016.

14.   The Court finds for Plaintiff Cristina Nitopi on all of the alleged causes of action namely:

(a) First cause of action for Intentional Misrepresentation

(b) Second cause of action for Breach of oral Contract

(c) Third cause of action Breach of Covenant of Good Faith and Fair Dealing

(d) Fourth cause of action for Conversion

(e) Fifth couse of action for Common Count: Money Had and Received

15.   The Court awards judgment against Defendants Wondgy Bruny, aka Won-G Bruny and Real Sovage, Inc. jointly and severally, and in favor of Plaintiff Cristina Nitopi and awards Plaintiff Cristina Nitopi the following damages:

(a) $500,000.00 in general damages;

(b) $500,000.00 in punitive damages;

~~16.   It is further ORDERED that:~~

1
2
3
4

5          IT IS SO ORDERED.

6

7   Dated:  October 10 , 2017              LISA HART COLE

8                                    _____
                                     HON. LISA HART COLE
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**The Mirkhan Law Firm, APC**
Mehrshad Mirkhan, Attorney at Law, State Bar No. 201772
E-mail: mirkhan@mirkhanlaw.com
Deian Kazachki, Attorney at Law, State Bar No. 262754
E-mail: kazachki@mirkhanlaw.com
1801 Century Park East, Suite 2400 Los Angeles, CA 90067
Tel: (310) 984-6999
Fax: (888) 410-1390
Web: www.mirkhanlaw.com

Attorneys for Plaintiff Cristina Nitopi

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES

| | |
|---|---|
| CRISTINA NITOPI, an individual, | Case No. |
|     Plaintiff, | **COMPLAINT FOR DAMAGES** |
|          v. | 1) INTENTIONAL MISREPRESENTATION |
| WONDGY BRUNY, an individual; aka WON-G BRUNY and REAL SOVAGE, INC., a Delaware Corporation; | 2) BREACH OF ORAL CONTRACT<br>3) BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING<br>4) CONVERSION |
|     Defendants. | 5) COMMON COUNT: MONEY HAD AND RECEIVED |

COMES NOW Plaintiff, CRISTINA NITOPI, an individual, and a citizen of Australia, and hereby files the present Complaint against WON-G BRUNY and REAL SOVAGE, INC., and alleges the following causes of action against Defendants WONDGY BRUNY, an individual, aka WON-G BRUNY, a resident of California, and REAL SOVAGE, INC., a Delaware Corporation, with its declared principal place of business in the State of California, as follows:

### PARTIES

1. Plaintiff, CRISTINA NITOPI, (hereafter referred to as "NITOPI") is and at all times mentioned herein was, an individual, and a citizen of the country of Australia.

2. Defendant WONDGY BRUNY, aka WON-G BRUNY (hereafter referred to as "WON-



1

**COMPLAINT**

1    G"), is and at all times mentioned herein was, an individual, and a resident of the State of California.

2        3.    On information and belief, Defendant WON-G at all times mentioned herein, resided in

3    the County of Los Angeles, State of California.

4        4.    Defendant REAL SOVAGE, INC., is and at all times mentioned in this Complaint was, a

5    Delaware Corporation, incorporated in the State of Delaware, with its declared principal place of

6    business in the State of California at 10250 Constellation Blvd. #2320, Century City, CA 90067.

7        5.    A substantial portion of the events giving rise to the present dispute occurred in the State

8    of California, County of Los Angeles.

9        6.    Defendant REAL SOVAGE, INC., is responsible for a substantial portion of plaintiff's

10   damages which occurred as a result of fraudulent conduct perpetrated in the State of California.

11       7.    Plaintiff is informed, believes and thereon alleges that at all times mentioned herein,

12   defendants, and each of them, inclusive, were agents, servants, employees, successors in interest, and/or

13   joint ventures of their co-defendants, and were, as such, acting within the course, scope and authority of

14   said agency, employment and co-venturers, and that each and every Defendant, as aforesaid, when acting

15   as a principal, was negligent in the selection and hiring of each and every other defendant as an agent,

16   servant, employee, successor in interest, and/ or joint venturer.

17       8.    The Defendants identified above, including the individual defendant WON-G and the

18   entity defendant REAL SOVAGE, INC., shall hereinafter be collectively known as "Defendants" and

19   wherever appropriate within this Complaint referred to as "Defendants".

20       9.    Plaintiff is informed and believes, and thereon alleges that there existed, at all relevant

21   times, a unity of ownership and interest between WON-G and REAL SOVAGE, INC., such that any

22   individuality and separateness between them has ceased to exist, and they are each alter egos of the other.

23   WON-G completely controlled, dominated, managed and operated REAL SOVAGE, INC., and

24   commingled assets to suit his convenience.  REAL SOVAGE, INC., was a mere shell, instrumentality,

25   and conduit through which WON-G carried on his business in a corporate name, exercising complete

26   control and dominance of the businesses to such an extent that any individuality or separateness of

27   WON-G and REAL SOVAGE, INC., never existed.  Accordingly, WON-G is liable to Plaintiff both for

28   knowingly and willfully participating in and the directing the wrongful acts and omissions alleged in this

1    action and as alter egos of REAL SOVAGE, INC..

2    **JURISDICTION AND VENUE**

3    10.    This Court has jurisdiction to render Judgment because a substantial portion of the events

4    and occurrences giving rise to Plaintiff's injuries occurred in the State of California, County of Los

5    Angeles.

6    11.    Venue is proper in Los Angeles County because both Defendants are residents of Los

7    Angeles County and the injury causing events occurred in the County of Los Angeles, State of

8    California.

9    **BACKGROUND FACTS**

10    12.    Plaintiff NITOPI is an Australian Fashion Designer who is well known in the fashion

11    industry. Periodically, NITOPI participates in fashion shows in the United States.

12    13.    On or about October 2015, NITOPI and WON-G met while NITOPI was in Los Angeles

13    and participating in LA Fashion Week.

14    14.    Shortly after they met, WON-G attempted to lure NITOPI into a romantic relationship.

15    Despite WON-G'S best efforts, he failed to establish a romantic relationship with NITOPI because

16    NITOPI remained faithful to her romantic partner in Australia. WON-G tried to convince NITOPI that it

17    would be in her best interests to break up with her Australian partner, but NITOPI remained faithful and

18    rejected WON-G's proposals.

19    15.    At the same time that WON-G was attempting to build a romantic relationship with

20    NITOPI, WON-G represented himself as a successful entrepreneur, rapper, recording rapper and the like.

21    WON-G led NITOPI to believe that he was about to produce a new record. NITOPI justifiably relied on

22    WON-G's representations.

23    16.    WON-G proposed that NITOPI invest $500,000.00 US Dollars which at the time was

24    equivalent to $721,461.10 Australian Dollars ("AUD") in a purported joint venture whose purpose was to

25    produce the record. While the agreement was still being negotiated, WON-G convinced NITOPI to wire

26    the funds to Defendant REAL SOVAGE, INC., an entity that WON-G controlled.

27    17.    On January 16, 2016, NITOPI received WON-G's contract which was never signed by the

28    parties.

THE **MIRKHAN** LAW FIRM, APC

3

**COMPLAINT**

18.    Due to WON-G's false representations, on January 25, 2016, NITOPI wired to REAL SOVAGE, INC., the amount of $500,000.00 US Dollars.  The money was wired to REAL SOVAGE's account at JPMorgan Chase bank.

19.    In February, 2016, NITOPI realized that WON-G had never released dates for his new record and also for his promised tour.  Accordingly, NITOPI immediately requested a refund, but the money has never been returned.

20.    In a further attempt to accomplish his fraudulent scheme, even after the funds were wired, WON-G attempted to convince NITOPI to invest an additional $5,000,000.00 in his fashion company. This attempt failed.

21.    After NITOPI retained legal counsel to recover her funds, it was further discovered that a court judgment had already been entered against WON-G in Los Angeles County in case number BC537626. That case was filed on February 26, 2014.  That case concerns a very similar incident which has happened to another lady and perpetrated by the same Defendant WON-G.  Accordingly, it appears that NITOPI is not the only victim of WON-G.

**FIRST CAUSE OF ACTION FOR INTENTIONAL MISREPRESENTATION**

**(Against all Defendants)**

22.    Plaintiff NITOPI incorporates by reference the allegations in paragraphs 1 through 21 of this Complaint as if those allegations were expressly made in this paragraph.

23.    As set forth above, WON-G convinced NITOPI to wire him the sum of $500,000.00 US Dollars, but WON-G never executed the agreement which was the basis for the transfer of funds.

24.    The process which finally led to NITOPI wiring the funds, was an elaborate fraudulent scheme designed to deceive NITOPI into believing that wiring the funds was in her best interests.  WON-G made an intentional misrepresentation with respect to his ability to produce a profitable record.

25.    To further advance his fraudulent scheme, WON-G attempted to express romantic feelings toward NITOPI and worked on creating a false romantic relationship with NITOPI.  Despite all his efforts, WON-G never succeeded in creating a romantic relationship because NITOPI was not interested. Subsequent events proved that WON-G's only intention in his romantic approach toward NITOPI, was to earn NITOPI's trust so that NITOPI would wire $500,000.00 US dollars to REAL SOVAGE, INC., an

THE **MIRKHAN** LAW FIRM, APC

4

**COMPLAINT**

1    entity believed to be controlled by WON-G.  Therefore, no real romance ever existed.

2        26.    WON-G's intentional misrepresentation included his claim to produce an album of commercially and technical satisfactory musical grade.  NITOPI was led to believe that it would be profitable to invest in the creation of the album and share in the gross profits.  A contract was drafted to summarize these representations and make NITOPI believe that this would be a genuine business proposal.  The contract was named an "Investment Agreement".

27.    Without the contract having been signed and when it was still being negotiated between the respective parties, WON-G pressured NITOPI to wire the funds to JPMorgan Chase Bank account of REAL SOVAGE, INC., on January 25, 2016.  (See attached Exhibit A).

28.    NITOPI justifiably relied on WON-G's representations about his ability to produce a profitable album.  WON-G claimed to have celebrity status.  In fact, WON-G does enjoy an extensive online biography which appears to confirm that he is a famous rapper.  Thus, a reasonable person can justifiably be misled in concluding that WON-G is a famous and reliable person.  In the online world, WON-G is identified as an American Rapper and he has a number of famous songs to his credit.

29.    WON-G used his online credentials and reputation as a successful Rapper along with his attempted romantic relationship with NITOPI, to cause NITOPI to rely on his misrepresentations pertaining to the creation of a new album.  WON-G also succeeded in making NITOPI believe that investment into a joint venture agreement with WON-G was a profitable proposition.

30.    In February 2016, after the funds had been wired, WON-G also tried to convince NITOPI to travel to Los Angeles so that he could convince her to invest more into WON-G's business.  NITOPI did not accept WON-G's invitation.

31.    In February 2016, and in furtherance of his fraudulent scheme, WON-G also invited NITOPI to attend a Grammys 2016 event which was going to be held in Los Angeles.  NITOPI refused to accept the invitation and her ticket to the event was cancelled.  The invitation was an attempt to earn the trust of NITOPI so that she could be further misguided into providing more money to WON-G.

32.    There were daily text messages and phone calls from WON-G to NITOPI in order to make sure that NITOPI's trust of WON-G remained intact.

33.    WON-G also attempted to convince NITOPI to appoint him as the operational manager of

THE **MIRKHAN** LAW FIRM, APC

1   NITOPI's company, but NITOPI refused.

2      34.    WON-G never released dates for his proposed new record or tour. When NITOPI

3   formally demanded that her money be returned, WON-G failed to respond.

4      35.    As a direct and proximate result of WON-G's fraudulent scheme and failure to return

5   NITOPI's money after demand to refund the money was conveyed to him, NITOPI has been damaged at

6   the very least in the sum of $500,000.00 US Dollars, exclusive of interest and costs. Plaintiff NITOPI

7   has also suffered consequential damages due to exchange rate fluctuations.

8               **SECOND CAUSE OF ACTION FOR BREACH OF ORAL CONTRACT**

9                           **(Against all Defendants)**

10      36.    Plaintiff NITOPI incorporates by reference the allegations in paragraphs 1 through 35 of

11   this Complaint as if those allegations were expressly made in this paragraph.

12      37.    WON-G both on behalf of himself and on behalf of REAL SOVAGE, INC., had made an

13   oral promise that if NITOPI wired $500,000.00, he would negotiate the terms of the "Investment

14   Agreement" until both sides could agree on the terms and sign the Agreement.

15      38.    WON-G on behalf of himself and on behalf of REAL SOVAGE, INC., had also made an

16   oral promise that if both sides could not agree on the terms of the "Investment Agreement", he would

17   return the funds to NITOPI.

18      39.    WON-G's promise created a conditional contract supported by consideration. The terms

19   of the conditional oral agreement required that both sides agree to a final version of the "Investment

20   Agreement" as a condition to withholding the $500,000.00 wired funds.

21      40.    A final version of the "Investment Agreement" was never agreed between the parties.

22   NITOPI and WON-G never signed the "Investment Agreement". Hence, in accordance with WON-G's

23   conditional oral agreement, WON-G and REAL SOVAGE, INC. was obligated to refund the money that

24   NITOPI had sent.

25      41.    WON-G's and REAL SOVAGE, INC.'s failure to refund the $500,000.00 wired money

26   received from NITOPI was a direct breach of their oral agreement.

27      42.    WON-G's breach of the conditional oral agreement was consistent with his fraudulent

28   scheme. This is because WON-G's goal was to misguide NITOPI into wiring the funds to his controlled

1    entity REAL SOVAGE, INC., and to accomplish this purpose WON-G utilized all available means.

2    43.    As a direct and proximate result of WON-G's and REAL SOVAGE, INC.'s breach of

3    their oral agreement, NITOPI was damaged at the very least in the amount of $500,000.00 US dollars.

4    Plaintiff NITOPI has also suffered consequential damages due to exchange rate fluctuations.

5    **THIRD CAUSE OF ACTION FOR BREACH OF COVENANT OF GOOD FAITH AND**

6    **FAIR DEALING**

7    **(Against all Defendants)**

8    44.    Plaintiff NITOPI incorporates by reference the allegations in paragraphs 1 through 43 of

9    this Complaint as if those allegations were expressly made in this paragraph.

10   45.    In every contract, there is an implied covenant of good faith and fair dealing.  This means

11   that each party to a contract must refrain from doing anything that would deprive the other parties of the

12   intended benefits under the contract.  Furthermore, each party to a contract must act in good faith and

13   deal fairly with all other parties to the contract.

14   46.    NITOPI acted in good faith by wiring $500,000.00 to Defendant REAL SOVAGE, INC.'s

15   account.  NITOPI performed all her obligations under the oral contract.

16   47.    Defendants WON-G and REAL SOVAGE, INC., failed to act in good faith because after

17   receiving the funds, they failed to respond to NITOPI's inquiries, failed to refund the funds received, and

18   failed to communicate with NITOPI.

19   48.    Defendants WON-G and REAL SOVAGE, INC., breached their implied covenant of good

20   faith and fair dealing by refusing to communicate with Plaintiff NITOPI and her representatives after

21   having received $500,000.00 US dollars, and thereafter failed to negotiate the terms of the so called

22   "Investment Agreement", and finally failed to refund the funds the received after demand for refund was

23   made by NITOPI.

24   49.    As a direct and proximate result of Defendant WON-G and REAL SOVAGE, INC.'s

25   breach of the covenant of good faith and fair dealing, Plaintiff NITOPI has been damaged at the very

26   least in the amount of $500,000.00 US Dollars exclusive of interest and costs.  Plaintiff NITOPI has also

27   suffered consequential damages due to exchange rate fluctuations.

28

**COMPLAINT**

**FOURTH CAUSE OF ACTION FOR CONVERSION**

**(Against all Defendants)**

50.     Plaintiff NITOPI incorporates by reference the allegations in paragraphs 1 through 49 of this Complaint as if those allegations were expressly made in this paragraph.

51.     Plaintiff NITOPI was and continues to be the true owner of the funds which were transferred to Defendants REAL SOVAGE, INC., and WON-G.

52.     Plaintiff NITOPI never consented that Defendants REAL SOVAGE, INC., and WON-G withhold the transferred funds without signing the "Investment Agreement".     Accordingly, the withholding of NITOPI's funds was a non-consensual act by Defendants WON-G and REAL SOVAGE, INC..

53.     Plaintiff NITOPI has repeatedly demanded that Defendants REAL SOVAGE, INC., and WON-G, return the money that rightfully belongs to Plaintiff.   However, Defendants have chosen to ignore Plaintiff's demands.

54.     As a direct and proximate result of Defendants' non-consensual interference with Plaintiff's property rights with respect to the ownership of the transferred funds, Plaintiff NITOPI has been damaged at the very least in the amount of $500,000.00 US Dollars.   Plaintiff NITOPI has also suffered consequential damages due to exchange rate fluctuations.

**FIFTH CAUSE OF ACTION FOR COMMON COUNT: MONEY HAD AND RECEIVED**

**(Against all Defendants)**

55.     Plaintiff NITOPI incorporates by reference the allegations in paragraphs 1 through 54 of this Complaint as if those allegations were expressly made in this paragraph.

56.     Defendants REAL SOVAGE, INC., and WON-G, received money from Plaintiff that was intended to be used for the benefit of the Plaintiff.

57.     The money that was received by Defendants REAL SOVAGE, INC., and WON-G, was never used for the benefit of the Plaintiff.

58.     REAL SOVAGE INC. and WON-G failed to return the wired funds to NITOPI, despite having received NITOPI's demand to do so.

59.     Accordingly, WON-G and REAL SOVAGE, INC., were unjustly enriched by the funds

THE MIRKHAN LAW FIRM, APC

1   received from NITOPI.  Restitution must be made for the purpose of making NITOPI whole and recover

2   the funds which have unjustly enriched REAL SOVAGE, INC., and WON-G.

3       60.    As a direct and proximate result of Defendants' unjust enrichment, Plaintiff NITOPI has

4   been damaged at the very least in the amount of $500,000.00 US Dollars.  Plaintiff NITOPI has also

5   suffered consequential damages due to exchange rate fluctuations.

**ENTITLEMENT TO PUNITIVE DAMAGES**

**(Cal. Civ. Code §3294)**

8       61.    Plaintiff NITOPI incorporates by reference the allegations in paragraphs 1 through 60 of

9   this Complaint as if those allegations were expressly made in this paragraph.

10      62.    Plaintiff NITOPI alleges that the manner that Defendants have committed fraud and deceit

11  in order to convince NITOPI to wire money to Defendants, warrants punitive damages in accordance

12  with California Civil Code §3294.

13      63.    California Civil Code §3294 defines fraud as "an intentional misrepresentation, deceit, or

14  concealment of a material fact known to the defendant with the intention on the part of the defendant of

15  thereby depriving a person of property or legal rights or otherwise causing injury".  Cal. Civil Code

16  §3294.

17      64.    In the instant case, Defendant WON-G made an intentional misrepresentation by first

18  attempting to create a false romantic relationship with Plaintiff NITOPI and then convinced her that

19  wiring money to Defendant REAL SOVAGE, INC.'s account would be to the benefit of Plaintiff and

20  would provide her with a substantial profit.  These assertions were all untrue and were made solely to

21  convince and encourage Plaintiff to wire the funds to Defendant REAL SOVAGE's account.

22      65.    Additionally, the discovery of a prior Los Angeles County Superior Court case filed in

23  February 26, 2014, case number BC537626, against Defendant WON-G, which has resulted in a

24  Judgment against the same Defendant, further supports Plaintiff's contention that the present Defendants

25  deserve to be punished because they have the requisite intent to employ fraud and deceit in order to

26  obtain money from unsuspecting plaintiffs.

27      66.    Due to the reasons enunciated above, Plaintiff NITOPI is entitled to receive punitive

28  damages against Defendants WON-G and REAL SOVAGE, INC..

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff NITOPI respectfully requests that the Court enter judgment against Defendants WON-G and REAL SOVAGE, INC., and provide Plaintiff the following relief:

1. For entry of judgment in her favor and against Defendants WON-G and REAL SOVAGE, INC.;

2. For the total of $500,000.00 US dollars to recover the money that Plaintiff NITOPI wired to Defendant REAL SOVAGE, INC., plus 6% interest, or in such other amount as is proven at trial;

3. For an additional $50,000.00 US dollars to cover losses suffered as a result of exchange rate fluctuations;

4. For punitive damages in the amount of $500,000.00 US dollars;

5. For consequential and compensatory damages according to proof;

6. For prejudgment interest;

7. For costs incurred;

8. For such other and further relief this Court may deem just and proper.

Dated: November 1, 2016                    THE MIRKHAN LAW FIRM, APC

_____

Mehrshad Mirkhan
Deian V. Kazachki
Attorneys for Plaintiff

## CASE INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Case Number:**   SC126659
CRISTINA NITOPI VS WONDGY BRUNY, ET AL.,

**Filing Courthouse:**   Santa Monica Courthouse

**Filing Date:** 11/04/2016
**Case Type:**   Contractual Fraud (General Jurisdiction)
**Status:**   Default Judgment By Court - Before Trial 10/10/2017

Click here to access document images for this case

If this link fails, you may go to the Case Document Images site and search using the case number displayed on this page

## FUTURE HEARINGS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

None

## PARTY INFORMATION

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

BRUNY WON-G - Deft's AKA

BRUNY WON-G - Defendant

BRUNY WONDGY - Defendant

BRUNY WONDGY - Defendant

MIRKHAN MEHRSHAD - Former Attorney for Plaintiff

NITOPI CRISTINA - Plaintiff

NITOPI CRISTINA - Plaintiff

NITOPI CRISTINA - Plaintiff & Plaintiff In Pro Per

REAL SOVAGE INC. - Defendant

REAL SOVAGE INC. - Defendant

## DOCUMENTS FILED

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

**Documents Filed (Filing dates listed in descending order)**

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

02/09/2017

**01/16/2020** Order (Re Application for Order to Release Subpoenaed Documents Produced by Third-Party JPMorgan Chase Bank, N.A. to Judgment Creditor's Counsel)
Filed by CRISTINA NITOPI (Plaintiff)

**12/17/2019** Declaration (of Kevin A. Hoang ISO Application for Order to Release Subpoenaed Documents Produced by Third-Party JPMorgan Chase Bank, N.A. to Judgment Creditor's Counsel)
Filed by CRISTINA NITOPI (Plaintiff)

**12/17/2019** Proof of Service by Mail
Filed by CRISTINA NITOPI (Plaintiff)

**12/17/2019** Application (for Order to Release Subpoenaed Documents Produced by Third-Party JPMorgan Chase Bank, N.A. to Judgment Creditor's Counsel In Compliance and Pursuant to Hon. Judge H. Jay Ford III's Instructions on November 6, 2019)
Filed by CRISTINA NITOPI (Plaintiff)

**08/22/2019** Application and Order for Appearance and Examination
Filed by CRISTINA NITOPI (Plaintiff)

**06/28/2019** Writ of Execution ((Los Angeles))
Filed by CRISTINA NITOPI (Plaintiff)

**06/26/2019** Memorandum of Costs After Judgment, Acknowledgment of Credit, and Declaration of Accrued Interest
Filed by CRISTINA NITOPI (Plaintiff)


**Exhibit C**

**11/26/2018** Writ - Return
Filed by Clerk

**07/27/2018** Substitution of Attorney

**07/27/2018** Substitution of Attorney
Filed by CRISTINA NITOPI (Plaintiff)

**07/27/2018** Substitution of Attorney
Filed by Attorney for Plaintiff

**07/02/2018** Proof of Service by Mail (of Notice of Lien)
Filed by CRISTINA NITOPI (Plaintiff)

**07/02/2018** Notice of Lien
Filed by CRISTINA NITOPI (Plaintiff)

**06/15/2018** Minute order entered: 2018-06-15 00:00:00
Filed by Clerk

**05/08/2018** Writ issued
Filed by CRISTINA NITOPI (Plaintiff)

**05/08/2018** Writ issued (WRIT ISSUED TO THE COUNTY OF LOS ANGELES AND MAILED )
Filed by Attorney for Plaintiff

**04/26/2018** Notice
Filed by Clerk

**04/26/2018** Notice (NOTICE OF REJECTION RE WRIT OF EXECUTION. THERE ARE THREE DEBTORS PLEASE LIST ALL DEBTORS ON YOUR WRIT
)
Filed by Clerk

**04/25/2018** Application and Order for Appearance and Examination
Filed by CRISTINA NITOPI (Plaintiff)

**04/25/2018** Order to Appear for Examination
Filed by Attorney for Plaintiff

**10/10/2017** Judgment (Court Judgment)
Filed by CRISTINA NITOPI (Plaintiff)

**10/10/2017** Judgment (- Default Judgment By Court - Before Trial - 10/10/2017 amended for Plaintiff NITOPI, CRISTINA against Defendant BRUNY,
WONDGY ; Defendant REAL SOVAGE, INC.; Defendant BRUNY, WON-G.)
Filed by CRISTINA NITOPI (Plaintiff)

**10/10/2017** Judgment ( (SIGNED BY JUDGE LISA HART COLE) )
Filed by Attorney for Plaintiff

**09/25/2017** Minute order entered: 2017-09-25 00:00:00
Filed by Clerk

**09/25/2017** Stipulation and Order
Filed by Court

**09/25/2017** Stipulation and Order (STIPULATION, RECEIPT & ORDER RE RELEASE OF CIVIL EXHIBITS )
Filed by Court

**09/19/2017** Request for Judicial Notice
Filed by CRISTINA NITOPI (Plaintiff)

**09/19/2017** Request for Judicial Notice
Filed by Attorney for Plaintiff

**08/17/2017** Proof of Service (not Summons and Complaint)
Filed by CRISTINA NITOPI (Plaintiff)

**08/17/2017** Proof of Service (not Summons and Complaint)
Filed by CRISTINA NITOPI (Plaintiff)

**08/17/2017** Proof of Service (PROOF OF SERVICE BY MAIL )
Filed by Attorney for Plaintiff

**08/17/2017** Proof of Service
Filed by Attorney for Plaintiff

**04/25/2017** Minute order entered: 2017-04-25 00:00:00
Filed by Clerk

**03/21/2017** Request for Entry of Default / Judgment
Filed by CRISTINA NITOPI (Plaintiff)

**03/21/2017** Default Entered
Filed by CRISTINA NITOPI (Plaintiff)

**03/21/2017** Default Entered
Filed by CRISTINA NITOPI (Plaintiff)

**03/21/2017** Request for Entry of Default / Judgment
Filed by CRISTINA NITOPI (Plaintiff)

**03/21/2017** Default Entered (AS TO; REAL SOVAGE, INC. A DELAWARE CORP. ENTERED )
Filed by Attorney for Plaintiff

**03/21/2017** Default Entered (AS TO; WONDGY BRUNY, AN INDIVIDUAL AKA WON-G BRUNY-ENTERED )
Filed by Attorney for Plaintiff

**03/21/2017** Request for Entry of Default (AS TO; REAL SOVAGE, INC., A DELAWARE CORP. RECEIVED )
Filed by Attorney for Plaintiff

**03/21/2017** Request for Entry of Default (AS TO; WONDGY BRUNY, AN INDIV, AKA WON-G BRUNY-RECEIVED )
Filed by Attorney for Plaintiff

**03/03/2017** Request for Entry of Default / Judgment
Filed by CRISTINA NITOPI (Plaintiff)

**03/03/2017** Request for Entry of Default (AS TO; REAL SOVAGE, INC. A DELAWARE CORPORATION-REJECTED )
Filed by Attorney for Plaintiff

**02/22/2017** Order
Filed by Court

**02/22/2017** Minute order entered: 2017-02-22 00:00:00
Filed by Clerk

**02/22/2017** Order (PER CRC RULE 212(j) )
Filed by Court

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   02/09/2017

**02/09/2017** Case Management Statement
Filed by CRISTINA NITOPI (Plaintiff)

**02/09/2017** Statement-Case Management
Filed by Attorney for Plaintiff

**02/06/2017** Proof-Service/Summons
Filed by CRISTINA NITOPI (Plaintiff)

**02/06/2017** Request for Entry of Default / Judgment
Filed by CRISTINA NITOPI (Plaintiff)

**02/06/2017** Proof-Service/Summons
Filed by Attorney for Plaintiff

**02/06/2017** Request for Entry of Default (AS TO; REAL SOVAGE, INC.-REJECTED )
Filed by Attorney for Plaintiff

**01/03/2017** Proof-Service/Summons
Filed by CRISTINA NITOPI (Plaintiff)

**01/03/2017** Proof-Service/Summons
Filed by Attorney for Plaintiff

**11/04/2016** Civil Case Cover Sheet
Filed by CRISTINA NITOPI (Plaintiff)

**11/04/2016** Notice of Related Case
Filed by CRISTINA NITOPI (Plaintiff)

**11/04/2016** Summons
Filed by Plaintiff

**11/04/2016** Complaint
Filed by CRISTINA NITOPI (Plaintiff)

**11/04/2016** Summons Filed
Filed by Attorney for Plaintiff

**11/04/2016** Complaint Filed

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   02/09/2017

## PROCEEDINGS HELD

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Proceedings Held (Proceeding dates listed in descending order)

**10/04/2019** at 08:30 AM in Department O

Hearing on Application for Order for Appearance and Examination - **Not Held - Vacated by Court**

**06/15/2018** at 08:32 AM in Department O

Hearing on Application for Order for Appearance and Examination - **Not Held - Taken Off Calendar by Court**

**06/15/2018** at 08:32 am in Department WEO, Bobbi Tillmon, Presiding

Judgment Debtor Examination Hrg (AS TO JUDGMENT DEBTOR WONDGY BRUNYaka WON-G BRUNY) - **Off Calendar-No Service**

**09/25/2017** at 09:15 AM in Department O

Default Prove Up Hearing (Civil Default Prove Up Hearing; Plf to prepare proposed judgment) -

**09/25/2017** at 09:15 am in Department WEO, Lisa Hart Cole, Presiding

Civil Default Prove Up Hearing - **Plf to prepare proposed judgment**

**04/25/2017** at 08:30 AM in Department O

(Osc Re Dismissal; OtherSee Memo Box below) -

**04/25/2017** at 08:30 am in Department WEO, Lisa Hart Cole, Presiding

Osc Re Dismissal (RE SANCTIONS FOR FAILURE TOPERFECT DEFAULT(OSC RE FAILR TO OBTAIN ENTRY OFDFLT IS HELD & DISCH. DEFAULTPROVE-UP HRG SET.)) - **Other: See Memo Box below**

**02/22/2017** at 08:30 AM in Department O

Case Management Conference - **Held**

**02/22/2017** at 08:30 am in Department WEO, Lisa Hart Cole, Presiding

Conference-Case Management - **Completed**

## REGISTER OF ACTIONS

Case Information | Register Of Actions | FUTURE HEARINGS | PARTY INFORMATION | Documents Filed | Proceedings Held

### Register of Actions (Listed in descending order)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

02/22/2017

**01/16/2020** Order (Re Application for Order to Release Subpoenaed Documents Produced by Third-Party JPMorgan Chase Bank, N.A. to Judgment Creditor's Counsel)

Filed by CRISTINA NITOPI (Plaintiff)

**12/17/2019** Proof of Service by Mail

Filed by CRISTINA NITOPI (Plaintiff)

**12/17/2019** Declaration (of Kevin A. Hoang ISO Application for Order to Release Subpoenaed Documents Produced by Third-Party JPMorgan Chase Bank, N.A. to Judgment Creditor's Counsel)

Filed by CRISTINA NITOPI (Plaintiff)

**12/17/2019** Application (for Order to Release Subpoenaed Documents Produced by Third-Party JPMorgan Chase Bank, N.A. to Judgment Creditor's Counsel In Compliance and Pursuant to Hon. Judge H. Jay Ford III's Instructions on November 6, 2019)

Filed by CRISTINA NITOPI (Plaintiff)

**10/04/2019** at 08:30 AM in Department O

Hearing on Application for Order for Appearance and Examination - **Not Held - Vacated by Court**

**08/22/2019** Application and Order for Appearance and Examination

Filed by CRISTINA NITOPI (Plaintiff)

**06/28/2019** Writ of Execution ((Los Angeles))

Filed by CRISTINA NITOPI (Plaintiff)

**06/26/2019** Memorandum of Costs After Judgment, Acknowledgment of Credit, and Declaration of Accrued Interest

Filed by CRISTINA NITOPI (Plaintiff)

**11/26/2018** Writ - Return

Filed by Clerk

**07/27/2018** Substitution of Attorney

Filed by CRISTINA NITOPI (Plaintiff)

**07/27/2018** Substitution of Attorney
Filed by Attorney for Plaintiff

**07/27/2018** Substitution of Attorney

**07/02/2018** Notice of Lien
Filed by CRISTINA NITOPI (Plaintiff)

**07/02/2018** Proof of Service by Mail (of Notice of Lien)
Filed by CRISTINA NITOPI (Plaintiff)

**06/15/2018** at 08:32 AM in Department O
Hearing on Application for Order for Appearance and Examination - **Not Held - Taken Off Calendar by Court**

**06/15/2018** at 08:32 am in Department WEO, Bobbi Tillmon, Presiding
Judgment Debtor Examination Hrg (AS TO JUDGMENT DEBTOR WONDGY BRUNYaka WON-G BRUNY) - **Off Calendar-No Service**

**06/15/2018** Minute order entered: 2018-06-15 00:00:00
Filed by Clerk

**05/08/2018** Writ issued (WRIT ISSUED TO THE COUNTY OF LOS ANGELES AND MAILED )
Filed by Attorney for Plaintiff

**05/08/2018** Writ issued
Filed by CRISTINA NITOPI (Plaintiff)

**04/26/2018** Notice (NOTICE OF REJECTION RE WRIT OF EXECUTION. THERE ARE THREE DEBTORS PLEASE LIST ALL DEBTORS ON YOUR WRIT
)
Filed by Clerk

**04/26/2018** Notice
Filed by Clerk

**04/25/2018** Order to Appear for Examination
Filed by Attorney for Plaintiff

**04/25/2018** Application and Order for Appearance and Examination
Filed by CRISTINA NITOPI (Plaintiff)

**10/10/2017** Judgment ( (SIGNED BY JUDGE LISA HART COLE) )
Filed by Attorney for Plaintiff

**10/10/2017** Judgment (Court Judgment)
Filed by CRISTINA NITOPI (Plaintiff)

**10/10/2017** Judgment (- Default Judgment By Court - Before Trial - 10/10/2017 amended for Plaintiff NITOPI, CRISTINA against Defendant BRUNY,
WONDGY ; Defendant REAL SOVAGE, INC.; Defendant BRUNY, WON-G.)
Filed by CRISTINA NITOPI (Plaintiff)

**09/25/2017** at 09:15 AM in Department O
Default Prove Up Hearing (Civil Default Prove Up Hearing; Plf to prepare proposed judgment) -

**09/25/2017** at 09:15 am in Department WEO, Lisa Hart Cole, Presiding
Civil Default Prove Up Hearing - **Plf to prepare proposed judgment**

**09/25/2017** Stipulation and Order (STIPULATION, RECEIPT & ORDER RE RELEASE OF CIVIL EXHIBITS )
Filed by Court

**09/25/2017** Minute order entered: 2017-09-25 00:00:00
Filed by Clerk

**09/25/2017** Stipulation and Order
Filed by Court

**09/19/2017** Request for Judicial Notice
Filed by CRISTINA NITOPI (Plaintiff)

**09/19/2017** Request for Judicial Notice
Filed by Attorney for Plaintiff

**08/17/2017** Proof of Service (not Summons and Complaint)
Filed by CRISTINA NITOPI (Plaintiff)

**08/17/2017** Proof of Service
Filed by Attorney for Plaintiff

**08/17/2017** Proof of Service (PROOF OF SERVICE BY MAIL )
Filed by Attorney for Plaintiff

**08/17/2017** Proof of Service (not Summons and Complaint)
Filed by CRISTINA NITOPI (Plaintiff)

**04/25/2017** at 08:30 AM in Department O
(Osc Re Dismissal; OtherSee Memo Box below) -

**04/25/2017** at 08:30 am in Department WEO, Lisa Hart Cole, Presiding
Osc Re Dismissal (RE SANCTIONS FOR FAILURE TOPERFECT DEFAULT(OSC RE FAILR TO OBTAIN ENTRY OFDFLT IS HELD & DISCH.
DEFAULTPROVE-UP HRG SET.)) - **Other: See Memo Box below**

**04/25/2017** Minute order entered: 2017-04-25 00:00:00
Filed by Clerk

**03/21/2017** Request for Entry of Default / Judgment
Filed by CRISTINA NITOPI (Plaintiff)

**03/21/2017** Request for Entry of Default / Judgment
Filed by CRISTINA NITOPI (Plaintiff)

**03/21/2017** Default Entered
Filed by CRISTINA NITOPI (Plaintiff)

**03/21/2017** Default Entered
Filed by CRISTINA NITOPI (Plaintiff)

**03/21/2017** Default Entered (AS TO; REAL SOVAGE, INC. A DELAWARE CORP. ENTERED )
Filed by Attorney for Plaintiff

**03/21/2017** Default Entered (AS TO; WONDGY BRUNY, AN INDIVIDUAL AKA WON-G BRUNY-ENTERED )
Filed by Attorney for Plaintiff

**03/21/2017** Request for Entry of Default (AS TO; REAL SOVAGE, INC., A DELAWARE CORP. RECEIVED )
Filed by Attorney for Plaintiff

**03/21/2017** Request for Entry of Default (AS TO; WONDGY BRUNY, AN INDIV, AKA WON-G BRUNY-RECEIVED )
Filed by Attorney for Plaintiff

**03/03/2017** Request for Entry of Default (AS TO; REAL SOVAGE, INC. A DELAWARE CORPORATION-REJECTED )
Filed by Attorney for Plaintiff

**03/03/2017** Request for Entry of Default / Judgment
Filed by CRISTINA NITOPI (Plaintiff)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:
TOP   02/22/2017

**02/22/2017** at 08:30 AM in Department O
Case Management Conference - **Held**

**02/22/2017** at 08:30 am in Department WEO, Lisa Hart Cole, Presiding
Conference-Case Management - **Completed**

**02/22/2017** Order (PER CRC RULE 212(j) )
Filed by Court

**02/22/2017** Minute order entered: 2017-02-22 00:00:00
Filed by Clerk

**02/22/2017** Order
Filed by Court

**02/09/2017** Statement-Case Management
Filed by Attorney for Plaintiff

**02/09/2017** Case Management Statement
Filed by CRISTINA NITOPI (Plaintiff)

**02/06/2017** Proof-Service/Summons
Filed by Attorney for Plaintiff

**02/06/2017** Request for Entry of Default (AS TO; REAL SOVAGE, INC.-REJECTED )
Filed by Attorney for Plaintiff

**02/06/2017** Request for Entry of Default / Judgment
Filed by CRISTINA NITOPI (Plaintiff)

**02/06/2017** Proof-Service/Summons
Filed by CRISTINA NITOPI (Plaintiff)

**01/03/2017** Proof-Service/Summons
Filed by CRISTINA NITOPI (Plaintiff)

**01/03/2017** Proof-Service/Summons
Filed by Attorney for Plaintiff

**11/04/2016** Civil Case Cover Sheet
Filed by CRISTINA NITOPI (Plaintiff)

**11/04/2016** Summons
Filed by Plaintiff

**11/04/2016** Summons Filed
Filed by Attorney for Plaintiff

**11/04/2016** Complaint
Filed by CRISTINA NITOPI (Plaintiff)

**11/04/2016** Complaint Filed

**11/04/2016** Notice of Related Case
Filed by CRISTINA NITOPI (Plaintiff)

Click on any of the below link(s) to see Register of Action Items on or before the date indicated:

TOP   02/22/2017

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br><br>CRISTINA NITOPI | DEFENDANTS<br><br>KYUNJ SOO WONDJI BRUNY, AKA WONDGY<br>K. BRUNY, AW REAL SOVAGE, INC. |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>The Bankruptcy Law Firm, P.C.<br>Kathleen P. March, Esq.<br>10524 W. Pico Blvd., Ste. 212, Los Angeles, CA 90064<br>310-559-9224 | **ATTORNEYS** (If Known)<br>Bereliani Law Firm<br>Sanaz S. Bereliani, Esq.<br>11400 W Olympic Blvd., Ste. 200, Los Angeles, CA 90064<br>818-920-8352 |
| **PARTY** (Check One Box Only)<br>☐ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor     ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor     ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor     ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

FRBP 7001(6) Nondischargeability adversary proceeding, to hold plaintiff's 10/10/2017 Superior Court judgment against debtor-defendant in Superior Court case SC126659 nondischargeable in debtor's Chapter 7 bankruptcy, because it arose from actual fraud (11 U.S.C. 523(a)(2)), embezzlement (11 U.S.C. 523(a)(4)), and willful and malicious injury (11 U.S.C. 523(a)(6)) against plaintiff.

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☑1 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☑2 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☑3 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
    (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court
    if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  hold final state court judgment nondischargeable |

Other Relief Sought    Plus award attorneys' fees and costs as part of tort damages.

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR  Kyunj Soo Wondji Bruny<br>aka Wondgy K Bruny, aw Real Sovage, Inc. | BANKRUPTCY CASE NO.<br>2:19-bk-24885-BB | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District of California | DIVISION OFFICE<br>Los Angeles | NAME OF JUDGE<br>Hon. Sheri Bluebond |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>_The Bankruptcy Law Firm, PC_ | | |
| DATE<br>3/18/2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Kathleen P. March, Esq. | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.